Downey, Judge,
delivered the opinion of the court:
The petition alleges in substance the issuance and distribution by the Navy Department of a catalogue of surplus supplies to be sold at auction at the Navy Yard Annex, Portsmouth, Va., among which were several lots of screws shown in gross quantities. That when they were reached in usual course at the sale the auctioneer in charge of the sale announced that the screws quoted in the catalogue as aggregating 21,371 gross, would be sold by the pound and that they weighed a total of 50,260 pounds and aggregated 19,936 gross. That the plaintiffs bid therefor 15% cents per pound which bid was accepted and they were billed accordingly $7,790.30 and made a deposit on account of this and other purchases. That thereafter the exact quantity of 19,936 gross was delivered to them but that payment was demanded for 64,329% pounds instead of 50,260 pounds and that they were compelled to pay and did pay, under duress and protest, an additional sum of $2,180.77 on account of said 14,069% additional pounds. That thereafter they were called upon to pay an additional sum of $97.22 upon the ground that the weight of the screws had been ascertained to be 64,957.27 pounds but that they have refused to pay this latter sum. Recovery is sought of said sum of $2,180.77.
It appears that the plaintiffs got the exact number of screws they expected to get and it does not appear that they did not get the weight of screws they paid for. It also appears that upon delivery of the screws, which they accepted, they paid the amount demanded of them which at the then supposed weight, not disputed by plaintiffs, was the correct amount due at the bid price per pound. It is significant that plaintiffs aver that they paid “ under duress and protest ” for such averments are not usually made unless deemed necessary. But protest was a vain thing under such circumstances and there are no facts pleaded tending *134 even toward duress. There is no reason appearing why plaintiffs might not have refused to make the payment demanded and stood upon such rights as they deemed they, had. They accepted and paid for, at the bid price, a weight of screws actually delivered and which it is to be assumed would not have been delivered had they not paid the demanded price.
We find no averments justifying the conclusion that under such circumstances they may retain the property and recover a part of the price paid and it follows that the demurrer must be sustained and the petition dismissed. And we so order.
Graham, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.